IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CRAIG ZUBER,

        Plaintiff,

  v.                                          CIVIL ACTION
                                              NO. 15-3874

BOSCOV'S,

        Defendant.

### MEMORANDUM OPINION

**Schmehl, J.  /s/ JLS**                                                                                          **April 7, 2016**

       Before the Court is the motion to dismiss of Defendant, Boscov's. Plaintiff, Craig Zuber has opposed the motion, Defendant has filed a reply and Plaintiff has filed a Sur-Reply. Having read the parties' briefs, I will grant Defendant's motion to dismiss and dismiss Plaintiff's Complaint.

### I.     BACKGROUND

       Plaintiff filed this action against Defendant for alleged violations of the Family Medical Leave Act, and Defendant filed a Motion to Dismiss, claiming Plaintiff' Complaint does not set forth a plausible cause of action against Defendant and therefore, should be dismissed. Specifically, Plaintiff's Complaint asserts claims against Defendant for interference with his FMLA rights and wrongful termination in violation of his FMLA rights. (See Compl.) Defendant's Motion asserts that Plaintiff's Complaint should be dismissed in its entirety, as Plaintiff executed a Workers' Compensation release with Defendant on April 8, 2015, which bars the FMLA claims in the instant matter.

## II.     STATEMENT OF FACTS

Plaintiff was employed by Defendant as a manager at the Fairgrounds Farmers Market in Reading, Pennsylvania. (Compl. ¶¶ 11, 28.) On August 12, 2014, Plaintiff suffered an eye injury while at work which required medical attention. (Id., ¶12.) Plaintiff returned to work on August 14, 2014, but the next day, he began to suffer from complications due to the eye injury and was given a doctor's note for a leave of absence from work from August 17, 2014 to August 24, 2014. (Id., ¶¶ 18-22.) On August 26, 2014, Plaintiff returned to work, and was fired on September 10, 2014 for an alleged security breach. (Id. ¶¶ 27-29.)

Meanwhile, Plaintiff had also filed a Workers' Compensation claim for his eye injury, which was resolved on April 8, 2015 pursuant to a Compromise and Release between Plaintiff and Defendant's Workers' Compensation carrier. (Docket No. 3, Ex. A.)

## III.    STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege facts that " 'raise a right to relief above the speculative level.' " Victaulic Co. v. Tieman, 499 F.3d 227, 234 (3d Cir.2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007.) In determining whether a complaint is sufficient, the court must accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading, the plaintiff may be entitled to relief. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (citing Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)).

Although "conclusory" or "bare-bones allegations" will not survive a motion to dismiss, Fowler, 578 F.3d at 210, a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits. Phillips, 515 F.3d at 231. Nonetheless, to survive a Rule 12(b)(6) motion, the complaint must provide "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Id. at 234 (quoting Twombly, 550 U.S. at 556) (internal quotations omitted).

## IV.   DISCUSSION

Defendant moves to dismiss Plaintiff's Complaint due to the execution of the Compromise and Release Agreement in his Workers' Compensation matter, alleging that the Release specifically states that it constitutes a "full and final resolution of all aspects of the 8/12/2014 alleged work injury claim and its sequela whether known or unknown at this time," and that this language includes the instant FMLA claims. (See Def's Brief in Support of Mtn to Dismiss, p. 1.) For the reasons that follow, I will grant Defendant's Motion and dismiss Plaintiff's Complaint with prejudice.

Plaintiff executed a Compromise & Release ("C&R") on April 8, 2015 in the amount of $10,000.00 payable to him for the August 12, 2014 work injury. Plaintiff was represented by counsel in the execution of this release. Specifically, the Release stated as follows:

> The settlement calls for a one time payment of $10,000.00…In exchange for Employee forever relinquishing any and all rights to seek any and all past, present and/or future benefits, including, but not limited to, wage loss benefits, specific loss benefits, disfigurement benefits, and/or medical benefits for or in connection with the alleged 8/12/2014 work injury claim…

(Docket No. 3, Ex. A, p. 3.) The Release further states:

> Employer and Employee intend for the herein Compromise and Release Agreement to be a full and final resolution of all aspects of the 8/12/2014 alleged work injury claim and its sequela whether known or unknown at this time. In exchange for Employer paying Employee the one-time lump sum payment as noted in paragraph number 10 of the herein Compromise and Release Agreement, Employee is forever relinquishing any and all rights to seek any and all past, present and/or future benefits, including, but not limited to, wage loss benefits, specific loss benefits, disfigurement benefits, medical benefits or any other monies of any kind including, but not limited to, interest, costs, attorney's fees and/or penalties for or in connection with the alleged 8/12/2015 (sic) work injury claim as well as any other work injury claim(s) Employee may have with or against Employer up through and including 4/7/2015…

(Docket No. 3, Ex. A. p. 4.) Defendant argues that the language of this C&R is broad enough that it encompasses Plaintiff's right to pursue a FMLA claim against Defendant based upon the same work injury. In making this argument, Defendant relies heavily upon Hoggard v. Catch, Inc., No. 12-4783, 2013 WL 3430885 (E.D. Pa., July 9, 2013) (Kelly, J.), in which the court found that plaintiff had waived his ADA claim by executing a C&R of his Workers' Compensation claim.

In response, Plaintiff argues that the C&R only served the purpose of resolving any liability for the work injury, medical complications from the work injury, and any associated lost wages, and that the C&R did not include any language specifically expanding the waiver contained in it to a recovery for FMLA damages. In support of his position, Plaintiff relies on Canfield v. Movie Tavern, Inc., No. 13-3484, 2013 WL 6506320 (E.D. Pa., Dec. 12, 2013) (Baylson, J.), in which the court found that the C&R executed by plaintiff was exclusively limited to plaintiff's workers' compensation claims and did not waive plaintiff's ADA claims arising out of the same injury.

A thorough reading of both Hoggard and Canfield shows that the decision in each case was based on the specific language contained in each C&R. In Hoggard, the release

4

specifically stated that it "completely resolves all claims and issues arising out of the claimant's injuries, and that in exchange for any and all benefits arising out of the work injury . . . the settlement is a final one which forever ends his entitlement to any and all such benefits for the injuries." Hoggard at *3. Therefore, after undertaking a "totality of the circumstances inquiry," the Court found that the execution of this C&R was a valid waiver of any and all employment claims against the employer which arose from plaintiff's work injury. Id. at *5.

In Canfield, the release in question stated that the "agreement resolve[d] any and all workers' compensation claims, including but not limited to scarring and specific loss, arising out of the claimant's employment with Movie Tavern Partners." Canfield at *3. As the C&R in Canfield was exclusively limited to Plaintiff's workers' compensation claims, and there was "no general, all-encompassing language similar to the C&R in Hoggard that would include Plaintiff's ADA and PHRA claims," the court found that defendant's waiver argument failed, and allowed plaintiff to proceed on his claims. Id. at *2-3.

Reviewing the language of the C&R in this case in light of the release language contained in Hoggard and Canfield, I find that Plaintiff waived his FMLA claims against Defendant by the execution of the C&R in his Workers' Compensation matter. The release in this case contains broad, all-encompassing language much like the release in Hoggard. The release states that it is a "full and final resolution of **all aspects** of the 8/12/2014 alleged work injury claim and **its sequela whether known or unknown** at this time." (emphasis added) The release further states that Plaintiff was "**forever relinquishing any and all rights** to seek **any and all** past, present and/or future benefits,

5

including, **but not limited to**, wage loss benefits . . . or **any other monies of any kind** including, but not limited to interest, costs, attorney's fees and/or penalties for or in connection with the 8/12/2015 (sic) work injury claim..." (emphasis added).

By adding the language that the C&R in this case includes any "sequela whether known or unknown at this time" and that Plaintiff is "forever relinquishing any and all rights to seek any and all past, present and/or future benefits . . .or any other monies of any kind," the instant release executed by Plaintiff is in fact broader than the release language contained in <u>Hoggard</u> that Judge Kelly found to be sufficiently broad as to terminate all of plaintiff's claims. The instant release language clearly was drafted with the intent to include these types of related employment claims arising out of Plaintiff's 8/12/14 work injury. Accordingly, I find that Plaintiff's execution of a Compromise and Release Agreement in relation with his Workers' Compensation claim served as a waiver of any FMLA claims or retaliation claims that Plaintiff may have against Defendant. Therefore, Defendant's Motion to Dismiss is granted, and this matter is dismissed.

### V.    <u>CONCLUSION</u>

For the foregoing reasons, Defendant' Motion to Dismiss Plaintiff's Complaint is granted and this matter is dismissed.