IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CRAIG ZUBER,

    Plaintiff,

v.

BOSCOV'S,

    Defendant.

CIVIL ACTION
NO. 15-3874

## MEMORANDUM OPINION

**Schmehl, J.**   /s/ JLS                                             May 3, 2018

    Before the Court is the second motion to dismiss of Defendant, Boscov's, as well as Plaintiff's Motion for Leave to File Amended Complaint. Both motions have been fully briefed. Having read the parties' briefs, I will deny Defendant's motion to dismiss, and grant Plaintiff's Motion to Amend.

### I.    BACKGROUND

    Plaintiff filed this action against Defendant for alleged interference with his FMLA rights. (See Compl.) Plaintiff's Complaint was originally dismissed in response to Defendant's Motion to Dismiss, and Plaintiff appealed. After appellate argument, this case was returned to me, and Defendant filed yet another Motion to Dismiss, this time asserting for the first time that Plaintiff's employer was not Boscov's, but rather was ADE Associates, LP ("ADE"), and because ADE had less than 50 employees, it could not be held liable to Plaintiff under the FMLA.

### II.    STATEMENT OF FACTS

    Plaintiff was employed by Defendant as a manager at the Fairgrounds Farmers Market in Reading, Pennsylvania. (Compl. ¶¶ 11, 28.) On August 12, 2014, Plaintiff

suffered an eye injury while at work which required medical attention. (*Id.*, ¶12.) Plaintiff returned to work on August 14, 2014, but the next day, he began to suffer from complications due to the eye injury and was given a doctor's note for a leave of absence from work from August 17, 2014 to August 24, 2014. (*Id.,* ¶¶ 18-22.) On August 26, 2014, Plaintiff returned to work, and was fired on September 10, 2014, for an alleged security breach. (*Id.* ¶¶ 27-29.)

## III. <u>MOTION TO DISMISS</u>

### A. STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege facts that " 'raise a right to relief above the speculative level.' " *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir.2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007.) In determining whether a complaint is sufficient, the court must accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading, the plaintiff may be entitled to relief. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citing *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)).

Although "conclusory" or "bare-bones allegations" will not survive a motion to dismiss, *Fowler*, 578 F.3d at 210, a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits. *Phillips*, 515 F.3d at 231. Nonetheless, to survive a Rule 12(b)(6) motion, the complaint must provide "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Id.* at 234 (quoting *Twombly*, 550 U.S. at 556) (internal quotations omitted).

2

Further, "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

### B. DISCUSSION

Defendant moves to dismiss Plaintiff's Complaint due to the fact that Plaintiff was not employed by Defendant Boscov's, but was allegedly employed by ADE Associates, LP, a legal entity that had no more than 12 employees and therefore does not fall under the FMLA. (Docket No. 32, p. 1.) In support of that argument, Defendant attaches to its brief copies of Plaintiff's paystubs for 2012 to 2014, a payroll register for 2010 and 2011 and an Affidavit of Russel Diehm, a vice-president of ADE. (See Docket No. 32, Exs. A, B and C.) In response, Plaintiff argues that the Diehm affidavit is improper because it is outside the pleadings and should not be considered.

To decide a motion to dismiss, courts consider only the allegations contained in the complaint, exhibits attached to the complaint, matters of public record, and where appropriate, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on that document." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). A plaintiff's claims are based on a document if the document is "integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

Defendant asks me to consider documents and an affidavit outside of the Complaint in this matter. I exercise my discretion and decline to convert Defendant's Motion to Dismiss into a Motion for Summary Judgment, as the parties were not given notice that I intended to convert this motion and consider evidence not contained in the pleadings. *See Kulwicki v. Dawson*, 969 F.2d 1454, 1462 (3d Cir. 1992) (decision to consider evidence outside the complaint and convert a motion to dismiss into one for summary judgment is generally committed to the courts' discretion.) Therefore, I must decide if I can properly consider the paystubs and Diehm affidavit at the motion to dismiss stage of proceedings.

I will not consider these documents in support of Defendant's motion to dismiss. Clearly, Plaintiff's claims were not based on the payroll information or the Diehm affidavit, as neither was relied upon in the complaint in any way. *See O'Neill v. Chester Downs & Marina, LLC*, 2015 WL 5240045, *4 (E.D. Pa., Sept. 8, 2015) (stating that because Plaintiff could not have relied on a certification when drafting his complaint, the certification is not an integral document and "fall[s] outside the categories of information which [the court] can consider in the present posture of the case.") It is true that the Diehm attests to the identity of Plaintiff's employer, and Plaintiff's employment relationship is a key issue in this case, but that does not make the Diehm affidavit an integral document. *Id., citing to Jackson v. Alpharma Inc.*, 2008 WL 508664, at *3 (D.N.J. Feb. 21, 2008); s*ee also McCarron v. British Telecom*, 2001 WL 632927 (E.D. Pa., June 6, 2001). Similarly, the payroll information shows the entity that paid Plaintiff's salary, which is also an important issue in this matter, but this information is not an integral document, as it was not relied upon in the complaint. Accordingly, the payroll

information and the Diehm affidavit attached to Defendant's motion to dismiss are not indisputably authentic and I will not rely upon those documents in deciding Defendant's motion to dismiss.[1]

Defendant's argument in its motion to dismiss is that ADE was Plaintiff's proper employer, had less than 50 employees, and therefore is not eligible under the FMLA. As I have no proper evidence at this stage of the proceedings that ADE is Plaintiff's proper employer, nor of how many employees ADE had, Defendant's motion to dismiss will be denied. Plaintiff is entitled to conduct discovery as to the allegations contained in the payroll information and the Diehm affidavit.

## IV. MOTION TO AMEND

### A. STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend pleadings should be granted freely "when justice so requires." *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004). A motion to amend pleadings may be denied in cases of "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment. . ." *Forman v. Davis*, 371 U.S. 178 (1962).

### B. DISCUSSION

Plaintiff's motion seeks to file an amended complaint for two purposes. First, to

---

[1] I note that Defendant's Reply Brief makes no effort to argue that the payroll information or the Diehm affidavit are indisputably authentic and should be considered in deciding the instant motion.

"correctly identify the legal entity performing business as 'Boscov's' as Boscov's Department Store, LLC," and to add ADE Associates, LP as a defendant. (Docket No. 36-1, p. 3.) Plaintiff alleges that ADE was operating as a joint and integrated employer to Boscov's Department Store, LLC, and therefore should be a defendant in this matter. Plaintiff further argues that ADE had an "identity in interest" with Boscov's and therefore, knew or should have known that this action would be brought against it, making it proper to join ADE as a defendant, despite the fact that the statute of limitations has run as to ADE.

In response, Defendant argues that the statute of limitations has expired in this matter, and therefore, Plaintiff may only add a new claim or name a new party if the plaintiff demonstrates that the new claim or party relates back to the filing date of the original complaint, which it argues Plaintiff cannot do. *Estate of Grier v University of Pennsylvania Health System*, 2009 WL 1652168 at *2-3. (E.D. Pa. June 11, 2009).

> The Federal Rules of Civil Procedure provide:
>
> Relation Back of Amendments. An amendment of a pleading relates back to the date of the original pleading when...
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (B) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (i) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (ii) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed. R. Civ. P. 15(c).

1. **Amendment as to Boscov's**

First, Plaintiff seeks to amend the defendant named as "Boscov's" to "Boscov's Department Store, LLC." The mistake in identity of the proper party requirement of Rule 15(c)(3)(B) applies in instances where there has been a misnomer or misidentification of a party and a plaintiff seeks to substitute a real party in interest. *Mailey v. SEPTA*, 204 F.R.D. 273, 275 (E.D. Pa. 2001).

Plaintiff alleges that he received employment paperwork and pay stubs and other employment information from an entity called "Boscov's." Based upon this employment paperwork, Plaintiff had reason to believe Boscov's was the properly named defendant. The amendment proposed by Plaintiff would merely change the name of this defendant to the correct legal entity. Therefore, because the amendment as to Boscov's would assert a claim that arose out of the conduct set out in the original pleading (Plaintiff's firing), and because Boscov's Department Store, LLC, as the proper legal entity for "Boscov's," had notice of the action and should have known it would have been named as a defendant but for an error, it is proper to permit this amendment. *See Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 548 (2010). Accordingly, I will allow Plaintiff to amend his complaint to substitute Boscov's Department Store, LLC as a defendant.

2. **Amendment as to ADE Associates, LP**

Plaintiff also seeks to join ADE Associates, LP as a defendant in this matter, claiming that initial discovery in this matter has provided him with additional evidence that ADE Associates, LP and Defendant Boscov's are integrated and/or joint employers. It is undisputed that the statute of limitations has run as to ADE; therefore, the only way ADE can be added as a defendant is if the addition of ADE would relate back to the filing

date of the original complaint. Plaintiff claims initial discovery shows that ADE and Boscov's, as joint and/or integrated employers, share an "identity in interest" and therefore, ADE had proper notice of the filing of the original complaint as set forth in Rule 15(c)(3) and would not be prejudiced if added as a defendant.

My colleague, the Honorable Gerald A. McHugh, recently had the opportunity to discuss identity of interest, stating:

> "Rule 15(c)(3) notice does not require actual service of process on the party sought to be added; notice may be deemed to have occurred when a party who has some reason to expect his potential involvement as a defendant hears of the commencement of litigation through some informal means." *Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 195 (3d Cir. 2001). Such notice can be imputed to a party if he has an "identity of interest" with a defendant who has been named in a complaint. "Identity of interest generally means that the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." *Id.* at 197 (citing 6A Charles A. Wright et al., Federal Practice and Procedure § 1499, at 146 (2d ed. 1990)).

*Win & Son, Inc. v. City of Philadelphia*, 178 F. Supp. 3d 234, 247 (E.D. Pa. 2016). As pled in the proposed Amended Complaint, Boscov's owns the Reading Fairgrounds Farmer's Market and ADE manages it for Boscov's. (Docket No. 36, Ex. A, ¶ 9.) ADE employees receive employment documents with Boscov's logo, and ADE and Boscov's share officers and a principal place of business. (*Id.*, ¶¶ 20-23, 10, 14.) Further, Boscov's employees were involved in Plaintiff's termination. At this stage of the proceedings, there is sufficient information pled in the Amended Complaint that asserts that Boscov's and ADE are joint and/or integrated employers who share an identity in interest to lead to the conclusion that ADE had notice of Plaintiff's suit at the time of filing. Accordingly, I will permit Plaintiff to amend his complaint to add ADE as a defendant.

8

## V. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiff's Complaint is denied and Plaintiff's Motion to Amend is granted. The Amended Complaint attached as Exhibit A to Plaintiff's Motion shall be docketed.